FILED
2020 Mar-16 AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ANGELA BOTHWELL,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 4:18-CV-1255-CLM |
| **PRIMERICA LIFE INSURANCE COMPANY,** | ) ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM OPINION

Larry Bothwell stopped paying his monthly life insurance premiums to avoid a pending cost increase. Mr. Bothwell then died—one day after the period to renew his payments lapsed. His ex-wife, Plaintiff Angela Bothwell, sued Defendant Primerica Life Insurance Company to get proceeds under her ex-husband's policy. Ms. Bothwell claims that she is entitled to the proceeds "as a matter of equity" (Doc. 1-1), not as a contractual right.

This case is before the Court on the parties' dueling motions for summary judgment. (Docs. 33, 35). In addition, each party has filed a motion to strike an affidavit submitted by the other. (Docs. 41, 50).

The Court has considered all submissions filed with respect to all pending motions and finds that summary judgment is due to be granted in favor of Defendant Primerica, irrespective of the affidavits that the parties ask the Court to strike.

## FACTUAL BACKGROUND

Primerica reissued Policy No. 0411308799 to Larry Bothwell in May 2000. After his first premium payment, Mr. Bothwell set up an Electronic Funds Transfer so his monthly premium would automatically debit from his Regions Bank account.

On both January 13 and March 23, 2017, Primerica notified Mr. Bothwell that his monthly premium was set to increase from $98.76 to $316.50 on May 28, 2017. Mr. Bothwell paid his $98.76 monthly premium via an automatic debit in January and February 2017, then stopped payment in March 2017.[1] After February 2017, neither Mr. Bothwell nor anyone on his behalf made any premium payments on the Policy.

The Policy allowed Mr. Bothwell 31 days to pay his past-due premium, after which the Policy would automatically terminate. (Doc. 34-1, p. 15). Mr. Bothwell did not pay the overdue amount within the 31-day grace period. On April 29, 2017, Primerica notified Mr. Bothwell that the Policy had lapsed due to non-payment of premiums. (Doc. 34-1, p. 59). In its correspondence, Primerica offered to reinstate coverage under the Policy if Mr. Bothwell paid the past-due amount by May 24, 2017. Mr. Bothwell did not remit payment by May 24, 2017. Sadly, Mr. Bothwell died on May 25, 2017.

---

[1] On March 28, 2017, Mr. Bothwell's $98.76 monthly premium was automatically debited from his account. However, that payment was ultimately reversed and returned to him on April 7, 2017.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," and can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

## DISCUSSION

This is a sad but simple case. After paying monthly life insurance premiums for nearly 17 years, Mr. Bothwell stopped making payments in March 2017, shortly before his premiums were set to increase. As a result, his policy lapsed. Defendant Primerica notified Mr. Bothwell of the lapse and offered to reinstate coverage under the Policy if Bothwell paid the past-due amount by May 24, 2017. Mr. Bothwell did not pay the past-due amount and, on May 25, 2017—one day after Primerica's reinstatement offer expired—Mr. Bothwell died.

Alabama law is clear: When an insurance policy states that failure to pay premiums causes the policy to lapse, the insured must either pay the premiums or lose coverage. *See Haupt v. Midland Nat. Life Ins. Co.*, 567 So. 1319 (Ala. 1990); *Turner v. First Colony Life Ins. Co.*, No. 16 Civ. 3875 (N.D. Ala. January 13, 2010) ("Simply put, the failure to pay premiums forfeits a policy under Alabama law, and there is nothing that a beneficiary can do to reinstate that policy").

Three key facts are undisputed here: (1) the Policy states that failure to pay premiums causes the Policy to lapse at the end of a 31-day grace period; (2) after making a final payment on February 28, 2017, Mr. Bothwell failed to make subsequent payments and did not pay his past-due March 2017 monthly premium within the Policy's 31-day grace period; and (3) on April 29, 2017, Primerica notified Mr. Bothwell that the Policy had lapsed.

These facts alone make summary judgment appropriate, as Alabama law confirms that Ms. Bothwell is not entitled to benefits under the lapsed policy. In fact, Ms. Bothwell concedes that she does not have any contractual claim for benefits. Instead, Ms. Bothwell claims she is entitled to equitable relief, arguing: (1) Primerica waived its right to treat the Policy as lapsed by later offering to reinstate the Policy; (2) Primerica is equitably estopped from denying benefits under the lapsed Policy because Primerica "prematurely and wrongly raised monthly premiums" on the Policy's seventeenth anniversary date, rather than its eighteenth anniversary date; and, (3) "extenuating circumstances" concerning Mr. Bothwell's health warrant equitable tolling of the Policy lapse date. The Court disagrees.

**I.  Primerica Did Not Waive its Right to Treat the Policy as Lapsed.**

Ms. Bothwell appears to argue that Primerica waived its right to claim lapse of the Policy because, on April 29, 2017, Primerica sent a letter to Mr. Bothwell offering to reinstate coverage if he paid his past-due premiums.[2] Although Ms. Bothwell couches her argument in terms of "forfeiture," the Policy has no forfeiture provision. Rather, the Policy provides for automatic termination and lapse upon non-payment of premiums after a 31-day grace period. (Doc. 34-1, p. 15).

---

[2] The Court had difficulty discerning what exactly it is that Ms. Bothwell argues, as the argument in her brief consists of little more than a three-page block quote of *Scott v. United of Omaha Life Ins. Co.*, 749 F. Supp. 1089, 1091-93 (M.D. Ala. 1990), aff'd sub nom. *Scott v. United of Omaha Life Ins.*, 934 F.2d 1265 (11th Cir. 1991).

Notwithstanding that distinction, Ms. Bothwell's apparent argument that Primerica's letter constituted an implied waiver of Primerica's right to claim lapse of the Policy fails as a matter of law. To establish implied waiver, Ms. Bothwell must show that Primerica treated the Policy as though lapse had not occurred or acted inconsistently with an intent to insist on lapse. *See Washburn v. Union Cent. Life Ins. Co.*, 143 Ala. 485, 488-89 (1905); *see also Queens Ins. Co. of Liverpool v. Young*, 86 Ala. 424, 430-31 (1888) (the insurer must have treated the policy as still in force, as opposed to lapsed, or have caused the insured to incur trouble or expense, to be regarded as having waived its contractual rights); *Henderson v. Nationwide Life Ins. Co.*, 56 Ala. App. 329, 331 (1975) (requiring conduct inconsistent with intent to enforce forfeiture to establish implied waiver).

Ms. Bothwell, however, has offered no evidence that Primerica intended, tacitly or otherwise, to waive its right to declare the Policy lapsed and treat it as such. On the contrary, Primerica's April 29, 2017 letter evidences Primerica's intent to treat the Policy as lapsed and definitively states that coverage was not effective:

> RE: Policy Number: 0411308799
> Insured: LARRY L BOTHWELL
>
> Dear Policyowner:
>
> We are concerned because your premium payments are past due and your life insurance policy has **lapsed.** We want to help you keep your valuable life insurance protection. Simply sign and date the slip below and return it to us at the address below with your premium payment, which must be honored by your bank <u>in order for your life insurance coverage to be effective</u>. This offer expires if your premium payment is not received by 05/24/2017.

(Doc. 34-1, p. 59) (emphasis added).

As Primerica points out, its April 29, 2017 letter makes no statements regarding continuing coverage, extension of the grace period, or a future lapse date. This distinguishes Primerica's correspondence and conduct from that of the insurers in *Scott v. United of Omaha Life Ins. Co.*, in which the insurer's correspondence stated: "If your reply is not received by 10/16/87: [your policy] will lapse at the end of the grace period." 749 F. Supp. 1089, 1091 (M.D. Ala. 1990). By contrast, Primerica's letter plainly states that the Policy had lapsed and must be reinstated via honored payment to be effective. Because Primerica's actions, including Primerica notifying Mr. Bothwell by letter that the Policy "has lapsed" (Doc. 34-1, p. 59), are consistent with an intent to treat the Policy as lapsed, there is no reasonable basis for Ms. Bothwell's contention that coverage remained in effect despite non-payment of premiums. Therefore, Primerica did not impliedly waive its right to claim lapse of the Policy when it extended its reinstatement offer to Mr. Bothwell.

## II.  Equitable Estoppel Does Not Apply.

Ms. Bothwell next argues that Primerica is equitably estopped from denying her benefits under the Policy because Primerica prematurely raised the premiums in May 2017, which she claims caused Mr. Bothwell to stop paying his premiums in March 2017. Specifically, Ms. Bothwell argues that "[t]he premiums were unpaid for [two] months due to notice of an unexplained, significate premium increase" and as a result, "the lapse of the policy was the fault of Primerica." (Doc. 37, p. 37-38).

In support of her argument, Ms. Bothwell cites *Gresham v. Mass. Mutual Life Ins. Co.*, a New Jersey case that Ms. Bothwell claims stands for the proposition that an insurer who prevents an insured from performing under a policy cannot rely on that non-performance to defeat contractual liability.[3] 590 A.2d 241, 245 (App. Div. 1991). Relying on *Gresham*, Ms. Bothwell argues that her ex-husband's failure to pay his premiums "must be excused as a matter of law" because Primerica "caus[ed] [Mr.] Bothwell to stop making premium payments." (Doc. 37, p. 39).

The Court sets aside for a moment Ms. Bothwell's dubious claim that Primerica somehow caused Mr. Bothwell to stop making premium payments simply by notifying him of a scheduled increase in his premiums. Instead, the Court will first address the basic elements of equitable estoppel: (1) a misleading communication; (2) reliance on that miscommunication; and (3) resulting harm to the relying party if the original actor asserts a claim inconsistent with its prior communication. *See Mazer v. Jackson Ins. Agency*, 340 So. 2d 770, 773 (Ala. 1976). Under this standard, to prevail on her equitable estoppel claim, Ms. Bothwell must demonstrate that Primerica's communication to Mr. Bothwell about his increasing premium was either a miscommunication or a misrepresentation. It was neither.

---

[3] The Court notes that the quote Ms. Bothwell includes in her brief, (doc. 37, p. 38), does not appear in *Gresham*. In *Gresham*, the insurer incorrectly told the insured that he would be able to obtain new coverage instead of converting his old policy after failing to provide the necessary policy conversion paperwork to the insured. *Gresham*, 590 A.2d 241. As a result, the insured was unable to convert his old policy or to obtain new coverage as the insurer claimed. *Id*.

The Policy's schedule of premium increases is simple and is set forth in the Policy Specifications. (Doc. 34-1, p. 12). As the Policy Specifications below detail, Mr. Bothwell's premiums were set to increase in Policy Year 18 at Attained Age 70.

| POLICY YEARS | ATTAINED AGE | SCHEDULED MONTHLY PREMIUMS* |
|---|---|---|
| 01 | 53 | $81.04 |
| 02 | 54 | $81.04 |
| 03 | 55 | $81.04 |
| 04 | 56 | $81.04 |
| 05 | 57 | $81.04 |
| 06 | 58 | $81.04 |
| 07 | 59 | $81.04 |
| 08 | 60 | $81.04 |
| 09 | 61 | $81.04 |
| 10 | 62 | $81.04 |
| 11 | 63 | $81.04 |
| 12 | 64 | $81.04 |
| 13 | 65 | $81.04 |
| 14 | 66 | $81.04 |
| 15 | 67 | $81.04 |
| 16 | 68 | $81.04 |
| 17 | 69 | $81.04 |
| 18 | 70 | $298.78 |
| 19 | 71 | $324.05 |

(Doc. 34-1, p. 12) (emphasis added).

Given that the Policy has a Policy Date of May 28, 2000, (doc. 34-1, p. 3), Policy Year 18 would have begun on May 28, 2017. Accordingly, Mr. Bothwell's premiums were set to increase on the May 28, 2017.

Ms. Bothwell appears to argue that Mr. Bothwell's premiums should have increased when he turned 70 years old, which would have happened on September 9, 2017.[4] However, the Policy Specifications plainly state that premiums are due to increase at "Attained Age 70," which Mr. Bothwell would have reached on May 28, 2017.[5] Primerica accurately conveyed this information to Mr. Bothwell. (Doc. 34-1, pp. 45, 52). Accordingly, Primerica made no miscommunication and Ms. Bothwell's equitable estoppel argument fails as a matter law.

## III. Equitable Tolling Does Not Apply.

Finally, Ms. Bothwell argues that the doctrine of equitable tolling should apply and allow her to "convert" the Policy due to "extenuating circumstances," namely, Mr. Bothwell's health in 2017. (Doc. 37, pp. 29-37). In fact, Ms. Bothwell does not seek to toll a conversion period, but instead appears to ask the Court to treat the Policy as if it never lapsed and toll the reinstatement period for her benefit. *Id*. At root, Ms. Bothwell contends that her ex-husband was incapacitated in April 2017 when Primerica's offer to reinstate coverage had not yet expired.

---

[4] "Primerica raised the premium on the **anniversary date** of the policy in the year Larry Bothwell turned age 70 instead of on [his] birthday." (Doc. 37, p. 37) (emphasis in original).

[5] "Attained Age" is achieved by adding the number of policy years since the Policy Date to the Issue Age. (Doc. 34-1, p. 14). "Issue Age" is defined as the insured's age on the birthday nearest the Policy Date. *Id*. Mr. Bothwell was nearest to his 53rd birthday (September 9, 2000) on the Policy Date (May 29, 2000), making his Issue Age 53.

The Court need not address the issue of Mr. Bothwell's mental or physical capacity because equitable tolling does not apply in this case as a matter of law, irrespective of Mr. Bothwell's health status in April 2017. As the cases Ms. Bothwell cites confirm, the doctrine of equitable tolling may, under certain circumstances, apply when an indisputably incompetent insured loses coverage because of their inability—resulting from their incapacity—to convert their insurance policy. *See Branch v. G. Bernd Co.*, 955 F.2d 1574, 1576 (11th Cir. 1992) (holding that the incapacity of an insured who fell into and remained in a coma during the COBRA conversion period should serve to equitably toll that period until an administrator could be appointed to make the election on his behalf); *see also Jefferson v. Reliance Standard Life Ins. Co.*, 818 F. Supp. 1523, 1526 (M.D. Fla. 1993) (holding that equitable tolling principles may apply where a beneficiary becomes incapacitated during the conversion election period and a representative who can make the election for him is not appointed until after the election period has expired).

However, Ms. Bothwell cites to no case in which equitable tolling applied despite the insured taking an affirmative action to cause his insurance policy to lapse, like Mr. Bothwell did when he stopped making premium payments in March 2017. *See* fn. 1. Further, Ms. Bothwell cites to no case in which a court applied the doctrine of equitable tolling to rescind an insured's cancellation of a policy and toll the reinstatement period for that policy. Rather, all the cases Ms. Bothwell cites relate

to the application of the doctrine of equitable tolling in a conversion election period. As such, the doctrine of equitable tolling is simply inapplicable in this case.

## CONCLUSION

Ms. Bothwell's claim for insurance benefits is without merit. The insurance policy at issue lapsed due to non-payment of premiums prior to her ex-husband's death and there is no equitable basis to treat it as still in effect. Therefore, summary judgment is due to be and is hereby **GRANTED** in favor of Defendant Primerica.

The Court need not address either of the parties' respective motions to strike, as the Court did not rely on any of the subject testimony in deciding the parties' dispositive motions. Therefore, the parties' motions to strike are **TERMINATED AS MOOT**.

**DONE** and **ORDERED** this 16th day of March, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE